```
                    UNITED STATES DISTRICT COURT
                   WESTERN DISTRICT OF WASHINGTON
                              AT SEATTLE
```

_____
                                        )
AMERICAN MAGIC REAL ESTATE, INC.,       )
                                        )   Case No. C09-0212RSL
                        Plaintiff,      )
            v.                          )
                                        )   ORDER DENYING DEFENDANT'S
RE/MAX INTERNATIONAL, INC.,             )   MOTION TO DISMISS FOR
                                        )   IMPROPER VENUE AND
                        Defendant.      )   COMPELLING ALTERNATIVE
_____)   DISPUTE RESOLUTION PROCESSES

This matter comes before the Court on "Defendant Re/Max International, Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint for Improper Venue" pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a). Dkt. # 22.[1] Until recently, plaintiff was a franchisee of defendant and operated RE/MAX franchises in Anacortes, Lynnwood, and Edmonds. After unsuccessfully attempting to trigger the "Dispute Resolution" provisions of the three franchise agreements between the parties,[2] plaintiff filed this litigation in the Superior Court of Washington for Snohomish County. Defendant removed the matter to this Court and now seeks to have the case dismissed based on the forum selection clause contained in the

---

[1] The original motion to dismiss filed on March 9, 2009 (Dkt. # 18) is DENIED as moot. Plaintiff filed an amended complaint (Dkt. # 19), at which the current motion to dismiss is aimed.

[2] Although plaintiff disputes the authenticity of the Anacortes contract submitted by defendant, it concedes that the alternative dispute resolution ("ADR") and forum selection clauses are substantially similar in all three contracts.

ORDER DENYING DEFENDANT'S MOTION
TO DISMISS FOR IMPROPER VENUE

franchise agreements. In response, plaintiff requests that the Court deny the motion to dismiss and enforce the contractual arbitration clause.

Pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Defendant argues that venue is improper in the Western District of Washington because the parties agreed that any action arising out of or relating to the franchise agreements would be instituted in Denver, Colorado. See Lynnwood Franchise Agreement at ¶ 16.J.[3]

Federal law governs the interpretation of a forum selection clause. Argueta v. Banco Mexicano, S.A., 87 F.3d 320, 324 (9th Cir. 1996). Under federal law, the Court turns to general principles of contract interpretation for guidance. Doe 1 v. AOL, LLC, 552 F.3d 1077, 1081 (9th Cir. 2009). The primary rule of interpretation is that contract terms will be given their ordinary meaning. See Hunt Wesson Foods, Inc. v. Supreme Oil Co., 817 F.2d 75, 77 (9th Cir. 1987). "[W]hen the terms of a contract are clear, the intent of the parties must be ascertained from the contract itself." Klamath Water Users Protective Ass'n v. Patterson, 204 F.3d 1206, 1210 (9th Cir. 1999).

The forum selection provision on which defendant relies states in its entirety:

EXCEPT TO THE EXTENT GOVERNED BY THE UNITED STATES TRADEMARK ACT OF 1946 (LANHAM ACT, 15 U.S.C. §§ 1051 ET SEQ.), THIS AGREEMENT AND THE FRANCHISE WILL BE GOVERNED BY THE INTERNAL LAWS OF THE STATE OF COLORADO (WITHOUT REFERENCE TO ITS CHOICE OF LAW AND CONFLICT OF LAW RULES). YOU AGREE THAT ANY ACTION ARISING OUT OF OR RELATING IN ANY MANNER TO THIS AGREEMENT (WHICH IS NOT REQUIRED TO BE ARBITRATED HEREUNDER OR AS TO WHICH ARBITRATION IS WAIVED) SHALL BE INSTITUTED IN, AND ONLY IN, A STATE OR FEDERAL COURT OF

---

[3] All citations to paragraphs of the franchise agreement refer to the Lynnwood Franchise Agreement unless otherwise stated.

ORDER DENYING DEFENDANT'S MOTION
TO DISMISS FOR IMPROPER VENUE         -2-

GENERAL JURISDICTION IN THE COUNTY OF DENVER, STATE OF
COLORADO AND YOU IRREVOCABLY SUBMIT TO THE JURISDICTION OF
SUCH COURTS AND WAIVE ANY OBJECTION YOU MAY HAVE TO EITHER
THE EXCLUSIVE JURISDICTION OR VENUE OF SUCH COURT.

Lynnwood Franchise Agreement at ¶ 16.J. The internal reference to arbitration necessarily implicates other sections of the agreement, such as the one that defines the right to arbitrate (¶ 15.B.) and the provisions that specify how (¶ 15.F.) and where (Rider) that right should be pursued. In order to determine where venue lies, the Court must follow the cross-references and exceptions in the relevant contract provisions, a task which ultimately leads to the conclusion that ¶ 16.J. (and its preference for suit in Colorado) does not apply.

Paragraph 15.B. of the contract states that disputes regarding the franchise agreement or "the rights and responsibilities of the parties" under the agreement shall be submitted to mediation and, if necessary, to binding arbitration. Plaintiff claims that defendant breached the franchise agreements, engaged in unfair competition and tortious interference, and violated Washington's Franchise Investment Protection and Consumer Protection Acts. At least some, if not all, of these claims involve the rights and responsibilities of the parties under the franchise agreements and are therefore subject to arbitration. Pursuant to ¶ 15.F., petitions to compel arbitration may be "filed with a court having jurisdiction over such matter," a description that would include this Court. Another paragraph of ¶ 15.F., however, incorporates the forum selection provision of ¶ 16.J.:

> It is agreed that any legal action relating to this agreement to arbitrate, including but not limited to any action brought to compel arbitration . . . , shall be deemed to be an action brought in connection with rights or obligations arising out of this Agreement and, as such, shall be subject to and governed by the provisions of Subsection 16.J.

Lynnwood Franchise Agreement at ¶ 15.F. The effect of this cross-reference to ¶ 16.J. is complicated by the arbitration exception contained therein. The requirement that any action

ORDER DENYING DEFENDANT'S MOTION
TO DISMISS FOR IMPROPER VENUE            -3-

"arising out of or relating in any manner to this agreement" be brought in Colorado does not apply if the action is subject to arbitration. Because ¶ 15.B. compels arbitration of all disputes regarding "the rights and responsibilities of the parties" under the franchise agreements, at least some of plaintiff's claims – and its request for arbitration pursuant to ¶ 15.B. – trigger the exception to the forum selection provision of ¶ 16.J.[4]

Although various contractual provisions must be untangled to determine whether Colorado is the exclusive venue for this action, the Court's conclusion relies on the ordinary and plain meaning of the contract terms. Until recently, defendant apparently agreed with the Court's "common sense" interpretation: in its original motion to dismiss, defendant acknowledged that "all disputes arising out of or relating to the Franchise Agreements *that are not required to be arbitrated* must be brought in either a state or federal court in Denver, Colorado." Motion (Dkt. # 18) at 5 (emphasis added). Even if the interplay between the various contractual provisions were susceptible to more than one reasonable interpretation, the Court would still resolve the motion to dismiss in plaintiff's favor. "Another fundamental rule of contract interpretation is that where language is ambiguous the court should construe the language against the drafter . . . ." Hunt Wesson, 817 F.2d at 78. See also Doe 1, 552 F.3d at 1082 n.10. Defendant drafted the franchise agreements and cannot, therefore, benefit from the confusion engendered by its choice of words, definitions, cross-references, and exclusions. Construing the language against defendant, the Court would conclude that ¶ 16.J. does not provide for an exclusive Colorado forum for plaintiff's claims.

---

[4] By filing this action and seeking a temporary restraining order on February 17, 2009, plaintiff did not waive the arbitration provision of the franchise agreement. Defendant had terminated the Edmonds and Lynnwood franchises four days earlier as plaintiff was attempting to initiate the dispute resolution provisions of the contract. To the extent that filing an amended complaint on March 9, 2009, could be construed as inconsistent with the right to arbitrate, plaintiff formally asserted its right to arbitration within weeks, and defendant has not alleged or shown any prejudice resulting from the slight delay. See Brown v. Dillard's, Inc., 430 F.3d 1004, 1012 (9th Cir. 2005).

ORDER DENYING DEFENDANT'S MOTION
TO DISMISS FOR IMPROPER VENUE          -4-

Plaintiff timely opposed defendant's motion to dismiss and requested that the Court "order the parties to engage in ADR in Washington pursuant to their ADR agreement." Opposition at 12. See also Opposition at 1 and 6-9. Defendant chose not to respond to this request, apparently on the theory that plaintiff must file a separate motion to enforce the arbitration provision. Motion at 3. Plaintiff's request for a judicial determination that ADR is contractually required is a logical, if not indispensable, part of its opposition to defendant's motion to dismiss: establishing the arbitrability of this action is essential to triggering the exception to the forum selection provision. Plaintiff properly opposed defendant's motion by asserting its right to arbitrate. Defendant made no reply, despite having an opportunity to do so. Because any dispute regarding which of plaintiff's claims are arbitrable is itself subject to arbitration under the contract, the parties shall initiate mediation and, if unsuccessful, arbitration in Washington pursuant to ¶ 15.B. and the arbitration Rider.

For all of the foregoing reasons, defendant's motion to dismiss is DENIED and the parties shall proceed to mediation and, if necessary, binding arbitration regarding plaintiff's claims. The Clerk of Court is directed to enter a statistical termination in this matter. Such a termination is entered for the sole purpose of removing the case from the Court's active docket. Within fourteen days of the mediator/arbitrator's final decision in this matter, the parties shall submit a joint report notifying the Court of the outcome of the alternative dispute resolution process and whether any further judicial proceedings are necessary.

Dated this 29th day of May, 2009.

Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANT'S MOTION
TO DISMISS FOR IMPROPER VENUE            -5-